# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISSA SANAD BEIRUTI, | ) | 1:09-cv-00360-TAG HC |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING |
| v. | ) ) | CLERK OF COURT TO TERMINATE THE ACTION (Doc. 1) |
| J. E. SUGRUE, | ) ) | ORDER DIRECTING CLERK OF COURT TO |
| Respondent. | ) ) | SEND BLANK FORMS TO PETITIONER |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Doc. 3).

Petitioner filed the instant federal petition for writ of habeas corpus on February 27, 2009, alleging the United States Bureau of Prisons' ("BOP's") failure to provide Petitioner, a Muslim, with food and bathroom facilities consistent with his religious beliefs. (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

1

prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provides Petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's assertions that his federal constitutional rights are being violated by the prison's having failed to provide Petitioner with Muslim meals and bathroom facilities concern the conditions of Petitioner's confinement and are claims more appropriately heard in a civil rights action. Accordingly, the instant action should be dismissed and Petitioner directed to submit a civil rights complaint for federal prisoners challenging the conditions of their confinement.

**<u>ORDER</u>**

Accordingly, the Court HEREBY ORDERS as follows:

1. The instant Petition for Writ of Habeas Corpus (Court Doc. 1) is DISMISSED for failure to state a claim for which habeas relief can be granted;

2. The Clerk of Court is DIRECTED to terminate this action in its entirety; and

3. The Clerk of Court is FURTHER DIRECTED to send Petitioner a civil rights complaint for federal prisoners seeking to challenge the conditions of their confinement.

IT IS SO ORDERED.

Dated:  **April 1, 2009**                                    <u>        /s/ Theresa A. Goldner        </u>
                                                                            UNITED STATES MAGISTRATE JUDGE